IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHANE EUGENE CARDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-571-ECM-SMD |
| | ) | (WO) |
| MICHAEL HOWELL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on September 28, 2023, by Shane Eugene Carden, a state pretrial detainee. Doc. 1.

**I.  BACKGROUND**

In November 2022, a Coosa County grand jury indicted Carden on three counts of attempted murder, one count of burglary in the first degree, and one count of theft of property in the second degree. *See* Docs. 10-1 through 10-4. Carden pled not guilty to the charges. His criminal case remains pending in the Coosa County Circuit Court. In his § 2241 petition, Carden claims that (1) he was denied "the right to a public pre-trial"; (2) the trial court improperly prevented him from firing his court-appointed attorney; and (3) the judge appointed to preside over his criminal case "has been forced into retirement for illegal activities." Doc. 1 at 1.

Respondents argue that Carden has not exhausted his available state remedies regarding the claims in his petition. Doc. 10. They maintain that Carden has failed to avail

himself of the proper state remedies for presenting his claims, and that if he is convicted, he will have an opportunity to challenge his conviction—and the performance of his counsel and the fairness of the criminal proceedings—in the state courts. *Id*. at 3–4. Accordingly, Respondents argue that Carden's federal petition should be dismissed without prejudice to afford him an opportunity to exhaust his available state remedies. *Id.* at 6.

This court granted Carden an opportunity show cause why his petition should not be dismissed, and Carden submitted additional pleadings. *See* Docs. 11, 12. Upon review of Carden's petition, Respondents' answer, and Carden's response, the court concludes that this action should be dismissed without prejudice because Carden has not exhausted his available state remedies.

**II.    DISCUSSION**

A state pretrial detainee may raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if two requirements are satisfied. First, the petitioner must be "in custody," although not under the final judgment of a state court.[1] *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c). Second, the petitioner must have exhausted his state remedies.[2] State remedies are ordinarily not considered

---

[1] Title 28 U.S.C. § 2254 applies to post trial situations and affords relief to a petitioner in custody pursuant to the judgment of a state court. *See* 28 U.S.C. § 2254(a), (b). A person in pretrial detention is not in custody pursuant to a state court judgment for § 2254 purposes and, therefore, properly proceeds under § 2241. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1261–62 (11th Cir. 2004).

[2] Although the statutory language of 28 U.S.C. § 2241 does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in

exhausted so long as a petitioner may effectively present his claims to the state courts by any available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). A petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." *See* 28 U.S.C. § 2254(c). Typically, to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

When he filed this § 2241 petition, Carden was held in the county jail awaiting trial on criminal charges pending against him in the Coosa County Circuit Court. He is still in custody awaiting trial on those charges. Therefore, he meets the "in custody" requirement of § 2241. The record also reflects that Carden has not exhausted his claims in the state courts. There is no evidence that Carden has ever presented his claims in state district or circuit court, much less asserted them in the appellate courts of Alabama upon obtaining an adverse ruling in the lower court. To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Carden fails to establish that state court

---

custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049,1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden*, 410 U.S. at 489–92; *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *Dill*, 371 F.3d at 1303 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

3

remedies are unavailable to him or that such remedies are ineffective. Because he has not exhausted his claims in state court, Carden may not have relief under 28 U.S.C. § 2241.

Furthermore, under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Younger v. Harris*, 401 U.S. 37, 44–46, 53–54 (1971); *see Braden*, 410 U.S. at 489; *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972). Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.

Carden has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger,* 401 U.S. at 53–54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is

4

"flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Finally, Carden fails to show he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of Carden's constitutional claims either before trial or, if Carden is convicted, through appellate and post-conviction proceedings.

This court concludes that Carden has not shown that he should be excused from the exhaustion requirement. He has not shown an absence of available state corrective process or that exceptional circumstances exist that render such process ineffective that would warrant federal intrusion. Accordingly, pretrial habeas interference by this court is not authorized. *See Braden,* 410 U.S. at 493.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Carden be DISMISSED WITHOUT PREJUDICE.

It is further

5

ORDERED that the parties shall file any objections to this Recommendation by January 19, 2024. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of January, 2024.

    /s/ Stephen M. Doyle  
STEPHEN M. DOYLE  
CHIEF U.S. MAGISTRATE JUDGE